THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 City of Rock
 Hill, Respondent,
 v.
 Lori Elizabeth
 Wallace, Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge
Unpublished Opinion No. 2010-UP-516
Heard October 6, 2010  Filed December 1,
 2010    
AFFIRMED

 
 
 
 Leland B. Greeley, of Rock Hill, for Appellant.
 Paula Knox Brown, of Rock Hill, for Respondent.
 
 
 

PER CURIAM: 
 Lori Elizabeth Wallace appeals the circuit court's order affirming the
 magistrate court's denial of her motion to dismiss her indictment for driving
 under the influence, arguing the video recording of her conduct at the incident
 site failed to comply with section 56-5-2953 of the South Carolina Code (2006).[1]  Specifically, Wallace maintains the
 arresting officer's failure to remove the audio-recording device from its
 charger in his patrol vehicle did not constitute a valid reason for failing to
 produce a videotape based upon the totality of the circumstances in accordance
 with subsection (A).  Subsection (A), in relevant part, provides:

 A
 person who [commits a DUI] must have his conduct at the incident site and the
 breath test site videotaped.
 
 (1)The videotaping
 at the incident site must:
 
 (a)
 begin not later than the activation of the officer's blue lights and conclude
 after the arrest of the person for [DUI,] or a probable cause determination
 that the person [committed a DUI]; and
 (b)
 include the person being advised of his [rights pursuant to Miranda v.
 Arizona, 384 U.S. 436 (1966),] before any field sobriety tests are
 administered, if the tests are administered.
 
 

Because the videotape began with the activation of the officer's
 blue lights, concluded after Wallace's arrest, and the parties agree it depicted
 the arresting officer advising Wallace of her Miranda rights in
 accordance with the statute, we find the circuit court properly affirmed the
 magistrate court's ruling.  Accordingly, the circuit court's order is
AFFIRMED.
SHORT, THOMAS, and LOCKEMY, JJ., concur.

[1] Because Wallace was charged in 2007, prior to the
 2009 amendment of this section, we apply the language of the pre-amended
 statute.